IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL BOYD                                                             PLAINTIFF
ADC #115890

v.                        No. 4:20-cv-129-DPM-JJV

GREG RECHEIGL, Health
Services Administrator, East
Arkansas Regional Unit, *et al.*                                         DEFENDANTS

ORDER

On *de novo* review, the Court adopts Magistrate Judge Volpe's recommendation, *Doc. 45*, with one modification and overrules Boyd's objections, *Doc. 52*. FED. R. CIV. P. 72(b)(3).

Boyd argues that Holder should not be dismissed because he hasn't yet answered the complaint. If a defendant files a Rule 12(b) motion, though, then he does not have to answer unless and until the Court denies that motion. FED. R. CIV. P. 12(a)(4)(A).

Boyd also argues that he should be allowed to proceed with his claims against Holder because his medical issues are ongoing and haven't been resolved. But for statute-of-limitations purposes, continuing violations are "occasioned by continual unlawful acts, not continual ill effects from an original violation." *Eidson v. State of Tennessee Department of Children's Services*, 510 F.3d 631, 635

(6th Cir. 2007); *see also Brown v. Arkansas Department of Human Services*, 452 F. App'x 690, 692 (8th Cir. 2011) (unpublished *per curiam* opinion). According to the amended complaint, Boyd had one encounter with Holder in August of 2016; and Boyd knew by that fall that his condition hadn't improved. *Doc. 4 at 8*. His claim therefore accrued more than three years before he filed his complaint in February of this year.

Holder's motion to dismiss, *Doc. 39*, is granted. Boyd's claims against him are dismissed. The modification: because the statute of limitations bars those claims, the dismissal is with prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

21 July 2020