IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL L. BOYD                                              PLAINTIFF
ADC #115890

v.                       No. 4:20-cv-129-DPM-JJV

GREG RECHCIGL, Health
Services Administrator, East
Arkansas Regional Unit, *et al.*                             DEFENDANTS

## ORDER

On *de novo* review, the Court adopts the Magistrate Judge's partial recommendation, *Doc. 114*, as modified. FED. R. CIV. P. 72(b)(3).

Boyd's objections, *Doc. 118*, are overruled. The objections reiterate points covered in the recommendation; and the Court agrees with the Magistrate Judge's handling of those issues. Further, the recommendation addresses only whether certain grievances serve to exhaust Boyd's claims in this lawsuit. It expresses no opinion on whether those grievances may have evidentiary value later in the case.

Rechcigl and Drummond's objections, *Doc. 103*, are partly overruled and partly sustained. The objection about whether Boyd could review his medical records before filing his complaint, *Doc. 103 at 2–3*, is sustained. It doesn't change the Court's analysis, though. Boyd included a detailed factual background in his amended

complaint. *Doc. 4 at 7–18.* But that background doesn't doom him to fact-pleading every claim. The short and plain statements in the "Complaint" section of Boyd's amended complaint are sufficient. *E.g., Doc. 4 at 19–20 & 23;* FED. R. CIV. P. 8(a).

Rechcigl's objection, *Doc. 103 at 3,* is overruled. The grievance stated that it was "pertaining CCS Correct Care Solutions Health Service Administrator" and complained that although an outside doctor had recommended a particular medicine, Boyd hadn't received it yet. Whether Rechcigl was responsible for that decision goes to the merits, not exhaustion.

Drummond's objections, *Doc. 103 at 3–5,* are overruled. The Court agrees with the Magistrate Judge that EA-17-1075 and EA-17-1326 and the related investigations cover Boyd's medical care from 9 August 2017 to 7 December 2017. As for EA-18-147, in investigating Boyd's grievance, the prison got a witness statement from Drummond about why he'd prescribed certain medicine for Boyd. It's unclear from the grievance papers when Boyd was prescribed each of those medications; but it's clear that the prison reviewed the prescription records. Based on the records submitted with Drummond's objections, *Doc. 103-2,* the Court agrees with the Magistrate Judge that the exhausted period for this prescription issue should run from the beginning of the limitations period through the date of the final grievance appeal decision. Whether Drummond was responsible for

these treatment decisions, and whether Boyd can prove more than a mere disagreement with them, are issues for summary judgment on the merits.

*   *   *

Partial recommendation, *Doc. 114*, adopted as modified. Griffin's motion for summary judgment, *Doc. 87*, is granted. The remaining Defendants' motion for summary judgment, *Doc. 90*, is partly granted and partly denied. Griffin, CCS, and Gardner are dismissed without prejudice as parties to this lawsuit.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 June 2021